**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GRUMPY CAT LIMITED,<br><br>    *Plaintiff*,<br><br>v.<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS LISTED ON "SCHEDULE A",<br><br>    *Defendants*. | No. 23 cv 701 - JRB |

**MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND OPPOSITION TO PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION AS TO DEFENDANT GEARLASS**

Pursuant to Rule 65(b)(4) of the Federal Rules of Civil Procedure, Defendant GearLass ("GearLass") respectfully requests that the Court dissolve the Temporary Restraining Order ("TRO") granted in this case on February 13, 2023, and extended on February 24, 2023, as to Defendant GearLass. GearLass also requests that the Court deny Plaintiff's request for a Preliminary Injunction ("PI") as to Defendant GearLass on the same grounds.

Plaintiff's Complaint and Request for a TRO allege that the Defendants in this case are an interconnected ring of "counterfeiters" based in China. However, Plaintiff is not alleging that GearLass sold counterfeit products. Rather, Plaintiff's actual claim is that GearLass used the ordinary words "grumpy" and "cat" in a sentence describing GearLass's non-infringing funny cat mug product (a "funny, sassy, grumpy, cat mug for moms and dads"). GearLass's use of these words constitutes descriptive fair use under the law in this Circuit. The unintentional and non-infringing use of a word in a product description does not support the extraordinary relief of a TRO and PI, including a freeze of *all the assets* held by Defendant from the sale of unrelated products.

1

GearLass reviewed its records and only four (4) products were ever sold through the product listing webpage identified by Plaintiff as containing an allegedly infringing sentence. The products themselves are not alleged to be counterfeit. GearLass's total revenue from the sale of these products was $58.80. GearLass estimates its profit after shipping, fees, and costs to be $19.60. Yet, Plaintiff is requesting a PI that restrains *all of the funds* earned by GearLass from selling *all of the products in its catalog* to its customers. As only $58.80 worth of products are at issue here, the remaining funds being restrained are unrelated to this case and should be released.

**Request for Relief**

A TRO and PI are inappropriate in this case as Defendant is represented by counsel who has appeared in this case. The allegations as to Defendant GearLass concern the sale of four products. Releasing Defendant from the TRO and PI will not result in irreparable harm to Plaintiff as GearLass voluntarily removed the disputed catalog page from Amazon pending resolution of this matter. Further, Plaintiff has an adequate remedy at law as if Plaintiff can prove infringement, the Court can award monetary damages for the four products sold under 15 U.S.C. § 1117(a).

For the foregoing reasons, we respectfully request that the Court dissolve the TRO as to Defendant GearLass pursuant to Rule 65(b)(4) and deny Plaintiff's Request for a Preliminary Injunction to prevent further unwarranted harm to Defendant GearLass.

Dated: March 14, 2023      By:    /s/ *Casey A. Hewitt*
Casey A. Hewitt, NH Bar No. 273603
casey@hewittpllc.com
Hewitt Law PLLC
41 Cottage St., Ste 2
Littleton, NH 03561
(603) 991-1876

*Attorney for Defendant GearLass*